UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>v.<br><br>TRACEY DAS, DENISH DAS d/b/a DAS Transportation, JOHN PRISK, and CHAD ECCLESTON,<br><br>     Defendants. | Case No. 13-cv-13177<br>Honorable Laurie J. Michelson<br>Magistrate Judge Mona K. Majzoub |

## OPINION AND ORDER GRANTING ALLSTATE INSURANCE COMPANY'S MOTION FOR DEFAULT JUDGMENT [38] AND MOTION FOR SUMMARY JUDGMENT [36]

Plaintiff Allstate Insurance Company seeks a declaration that it owes no coverage for liability arising from an automobile accident between Defendants Chad Eccleston and John Prisk while Prisk was employed by Allstate's insureds, Defendants Tracey and Denish Das. Now before the Court are Allstate's Motion for Summary Judgment (Dkt. 36) and Motion for Default Judgment (Dkt. 38). Prisk and Tracey and Denish Das have not appeared or answered, and the clerk has entered defaults against them. (*See* Dkt. 11, 12, 39.) Eccleston has answered the Complaint (*see* Dkt. 8) but has not responded to the Motion for Summary Judgment. Eccleston did file a response to the Court's order for supplemental briefing on whether the Court's discretionary exercise of jurisdiction under the Declaratory Judgment Act is appropriate in this case. (*See* Dkt. 41.) Allstate also filed a supplemental brief. (*See* Dkt. 42.) The Court has reviewed all of the briefs and finds that oral argument will not aid in resolving the pending unopposed motions. *See* E.D. Mich. LR 7.1(f)(2). The Court will exercise its discretionary jurisdiction under the Declaratory Judgment Act to find that default judgment is appropriate

against Defendants Prisk and Tracey and Denish Das, and summary judgment is warranted against Defendant Eccleston.

## I.   FACTUAL BACKGROUND

Allstate issued an automobile insurance policy to married couple Tracey and Denish Das that was in effect on March 18, 2010. (*See* Mot. for Summ. J. Ex. A, Policy.) The policy covered their 2002 Pontiac Sunfire and 2003 Cadillac Deville as well as a newly purchased automobile for the first 30 days after purchase; a substitute automobile being temporarily used while the insured automobiles are serviced or repaired; and "[a] non-owned private passenger or utility auto used by [the insureds] or a resident relative with the owner's permission," so long as it is not "available for the regular use of an insured person." (*Id.* at Pg ID 262, 289.) The policy excluded "damages an insured person is legally obligated to pay because of [b]odily injury or property damage arising out of the use of your insured auto while used to carry persons or property for a charge, or any auto you are driving while available for hire by the public." (*Id.* at Pg ID 290.)

On March 18, 2010, Defendant Eccleston was driving a vehicle that was struck by a 2008 Ford cutaway van operated by Defendant Prisk. (Mot. for Summ. J. Ex. D, Police Report.) Prisk's van was "improperly traveling in the center lane" at "a high rate of speed." (*Id.*) Prisk was cited for improper lane use and Eccleston was cited for failure to yield the right of way. (*Id.*) Prisk had one passenger in the van. (*Id.*)

Allstate alleges in its Complaint that Denish Das, acting through his company Das Transportation, rented the Ford cutaway van from Royal Oak Ford. (Dkt. 1, Compl. ¶ 16.) Eccleston's Answer "neither admits nor denies [this] allegation and leaves Plaintiff to its proofs

for the reason that it lacks sufficient information or knowledge to form a belief as to its truth." (Dkt. 19, Eccleston Ans. ¶ 16.)

Allstate further alleges that Denish Das hired Prisk to operate the van on the day in question "for purposes of transporting around 14 customers of DAS Transportation to a concert at the Palace of Auburn Hills." (Compl. ¶ 19.) And Allstate alleges that at the time of the accident, Prisk was operating the van "in the scope and course of his agreement with DAS Transportation." (*Id.* ¶ 20.) Eccleston admits both of these allegations. (Eccleston Ans. ¶¶ 19, 20.) Denish Das's rental agreement with Royal Oak Ford is attached to the Complaint. (*See* Compl. Ex. B.) It names Prisk as an authorized additional driver. (*See id.*) It does not mention Das Transportation. (*See id.*)

Eccleston filed claims in Oakland County Circuit Court against Prisk, Royal Oak Ford (the owner of the van), and Denish Das for injuries he sustained in the accident. (*See* Mot. for Summ. J. Ex. B.) Eccleston alleged that Prisk "was operating the above 2008 Ford van in the course and/or furtherance of his employment with Defendant, Denish Kumar Das d/b/a DAS Transportation." (*Id.* at ¶ 8.) Summary disposition was granted in favor of the defendants on January 21, 2014. *See Eccleston v. Prisk et al.*, No. 13-132677-NI (Oakland Cty. Cir. Ct. Jan. 21, 2014). Eccleston filed an appeal, which is fully briefed but has not been heard. *See Eccleston v. Prisk et al.*, No. 320173 (Mich. Ct. App.).

While Eccleston's case remained pending in state court, Allstate brought this separate federal court action under the Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaration that it owes no coverage for any liability relating to the automobile accident.

## II. SUBJECT MATTER JURISDICTION

Before turning to Allstate's motions, the Court must address the threshold question of subject matter jurisdiction. The Declaratory Judgment Act, 28 U.S.C. § 2201, permits a court to exercise jurisdiction over a request for declaratory judgment relief. Because the Declaratory Judgment Act only "provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists," the Court must also have an independent basis for subject matter jurisdiction. *See One Beacon Ins. Co. v. Chiusolo*, 295 F. App'x 771, 775 (6th Cir. 2008). Based on the allegations of the complaint, the Court finds that it has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. (*See* Compl. ¶¶ 1–9.) But jurisdiction under the Act is not mandatory. *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 812 (6th Cir. 2004). The Supreme Court has emphasized that the Act "confers a discretion on the courts rather than an absolute right upon the litigant," and "there is nothing automatic or obligatory about the assumption of jurisdiction by a federal court to hear a declaratory judgment action." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) (internal quotation marks and citations omitted). The Sixth Circuit has indicated that the district court is required to address whether the exercise of jurisdiction is appropriate in each case: "The essential question is always whether a district court has taken a good look at the issue and engaged in a reasoned analysis of whether issuing a declaration would be useful and fair." *W. World Ins. Co. v. Hoey*, -- F.3d ---, No. 13-2388, 2014 WL 6865300, at *2 (6th Cir. Dec. 8, 2014). With respect to indemnification issues such as that raised by Allstate here, the Sixth Circuit has repeatedly cautioned that they "are seldom helpful in resolving an ongoing action in another court" and "should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem.

4

Otherwise confusing problems of scheduling, orderly presentation of fact issues and *res judicata* are created." *Bituminous Cas. Corp.*, 373 F.3d at 812 (citations omitted).

Allstate and its counsel knew or should have known that this issue needed to be addressed. Two other courts in this district recently declined to exercise jurisdiction over declaratory judgment actions filed by Allstate on coverage issues virtually identical to this—one was dismissed the very same day this action was filed, the other just a few months before. *See Allstate Ins. Co. v. Renou*, No. 14-CV-11676, 2014 WL 3649249, at *8 (E.D. Mich. July 24, 2014) (declining jurisdiction to decide whether the business-use exclusion in Allstate's insurance policy applied to the circumstances giving rise to a state court action); *Allstate Ins. Co. v. Garcia*, No. 13-10209, 2013 WL 1962357 (E.D. Mich. May 10, 2013) (same). Yet Allstate did not address this issue in the complaint or elsewhere. The pleading stage having passed when the case was reassigned to this Court, the jurisdictional issue did not come to the Court's attention until now, in the course of addressing dispositive motions. The Court's analysis will be different now from when the case was first filed, with dispositive motions pending and a judgment having been entered in the state court proceeding. It does not escape the Court's notice that Allstate has benefited by failing to raise the issue. Allstate is strongly cautioned not to hide the ball in the future.

The Sixth Circuit has identified five factors that district courts are to consider when deciding whether to exercise their discretionary jurisdiction under the Declaratory Judgment Act:

> (1) Whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"

> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach upon state jurisdiction; [which is determined by asking]
>
>> a. whether the underlying factual issues are important to an informed resolution of the case;
>>
>> b. whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>>
>> c. whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action; and
>
> (5) whether there is an alternative remedy which is better or more effective.

*Id.* at *2 (alteration in original); *see also Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). These *Grand Trunk* factors "direct the district court to consider three things: efficiency, fairness, and federalism." *Hoey*, 2014 WL 6865300, at *2. The Sixth Circuit has further clarified that "[a] district court would be wise to decline jurisdiction if a declaratory action involved novel, unsettled, or complex issues of state law; if there were evidence of procedural fencing; or if the sought-after declaration would somehow be frivolous or purely advisory." *Id.* at *3.

With respect to the first and second factors, the Sixth Circuit recently discussed the competing lines of precedent cited by the parties:

> [T]wo lines of precedent seem to have developed in our jurisprudence regarding factors (1) and (2) in the context of an insurance company's suit to determine its policy liability. One line of cases holds that these two factors relate to whether the declaratory judgment would settle the underlying state-court controversy—that is, the tort action brought by the injured party against the insured—or would at least clarify the legal relationship between the parties in the underlying state-court controversy. The other line of cases directs the district court to focus on the controversy between the parties in the declaratory-judgment action—that is, between the insurer and the insured. In *Flowers*, we suggested that the split might reflect both competing policy considerations of consolidating litigation into one court versus permitting a party to determine its legal obligations as quickly as possible, as well as differences in the factual circumstances presented by different cases. In this case, the district court saw greater virtue in resolving the issue of coverage, especially because the facts concerning the coverage issue were undisputed. This conclusion was within the district court's discretion.

6

*Hoey*, 2014 WL 6865300, at *3 (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 555–58) (internal quotation marks and citations omitted).

If the parties had brought this threshold issue to the Court's attention earlier, considerations of both speed and efficiency could have weighed in favor of declining jurisdiction to allow the state court to decide the coverage dispute in conjunction with the underlying action. Although, as Allstate argues, Michigan law "prohibits joinder of an insurer as a party defendant in a State Court proceeding" (Dkt. 42 at 3 (quoting Mich. Compiled Laws § 500.3030)), Allstate could have filed this coverage action in state court and moved for consolidation with Eccleston's tort action. *See* Mich. Ct. R. 2.605 (authorizing declaratory judgment actions); Mich. Ct. R. 2.505 (providing for consolidation of related actions). Now, with dispositive motions pending in this court, speed weighs in favor of exercising jurisdiction to decide them rather than requiring Allstate to refile in state court. Resolving the question of indemnification before the Michigan Court of Appeals rules on Eccleston's appeal will also clarify the parties' responsibilities should the appellate court reverse. And because Eccleston has admitted the key fact at issue—that Prisk was transporting customers for Das Transportation at the time of the accident—and Prisk and the Das defendants have not appeared to dispute it, there is no efficiency gained by having the state court decide the purely legal question of coverage (although, as discussed below, this circumstance raises other concerns). *See Hoey* at *4 (affirming district court's decision that the issue of coverage could be decided more efficiently in the federal action where related factual issues were undisputed). Thus, this declaratory judgment action will serve a useful purpose in clarifying the legal relationship between the parties in the underlying state-court controversy, and the first two factors therefore weigh in favor of exercising jurisdiction.

The third factor, "whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for res judicata,'" favors abstention. As discussed, Allstate's conduct in this action has been less than straightforward. And although, as Allstate argues, res judicata will not apply because Allstate is not a named party in the state court action, there is a potential for collateral estoppel. *See Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 844–45 (Mich. 2004) ("[W]here collateral estoppel is being asserted defensively against a party who has already had a full and fair opportunity to litigate the issue, mutuality is not required."). Meanwhile, Eccleston's claims against Prisk and Das could become worthless if Allstate succeeds in obtaining a declaration that it need not indemnify them. But Eccleston is not in a position to oppose Allstate's claims vis-à-vis its insured—and Allstate may have known or suspected that Prisk and the Das defendants would not appear to defend in this action on their own dime (since Allstate is defending the Das defendants in the state court action). Moreover, since Eccleston is the only defendant who appeared, his decision to file his own action in state court is relevant. As another court in this district has said, "[t]he natural order of things calls for the liability facts to be decided in the injured person's forum of choice, and the indemnity obligations then follow forum." *Allied Prop. & Cas. Ins. Co. v. Menser*, No. 12-15453, 2013 WL 791535, at *3 (E.D. Mich. Mar. 4, 2013) (declining jurisdiction over a declaratory judgment action regarding insurance coverage for an automobile collision case pending in state court).

The fourth factor, concerning comity, likewise favors abstention, but only slightly. Automobile insurance is a matter of state law, and therefore state courts are generally the more appropriate forum. *See Bituminous Cas. Corp.*, 373 F.3d at 815 ("The states regulate insurance companies for the protection of their residents, and state courts are best situated to identify and enforce the public policies that form the foundation of such regulation." (quoting *Allstate Ins.*

*Co. v. Mercier*, 913 F.2d 273, 279 (6th Cir. 1990))). But this does not weigh significantly against exercising jurisdiction when the legal issues are not novel, and there is plenty of state case law to provide guidance. *See Flowers*, 513 F.3d at 561 ("[N]ot all issues of insurance contract interpretation implicate such fundamental state policies that federal courts are unfit to consider them . . . While no case has directly addressed this issue, the Kentucky courts' resolution of this issue can be reasonably predicted from existing case law."). *Cf. Bituminous Cas. Corp.*, 373 F.3d at 815 ("[R]esolution of the insurance controversy in this case requires a ruling on previously undetermined questions of state law.").

The fourth factor also requires courts to consider whether there are factual issues that are better left to the state court. As in *Hoey*, in which the Sixth Circuit affirmed the district court's exercise of jurisdiction, the facts here are undisputed. *See* 2014 WL 6865300, at *2; *see also Flowers*, 513 F.3d at 561 ("Because the question of the scope of Scottsdale's insurance policy is an issue of law . . . and does not require factual findings by the state court, the first sub-factor supports the district court's exercise of jurisdiction in this case."). In particular, whether the Das vehicle was being used to transport paying customers was admitted by Eccleston. (*See* Ans. ¶¶19–20.) But this is where Allstate's procedural fencing comes in: this fact is undisputed only because Prisk and the Das defendants have not appeared. The Court therefore finds that this factor favors abstention.

Finally, at this juncture, the fifth factor favors exercise of jurisdiction. As discussed, Allstate does have an alternative remedy in state court, but because there are dispositive motions ready in this Court, and Eccleston's state court action is poised to either end or begin anew, depending on the outcome of his appeal, the better and more effective remedy is for this Court to exercise jurisdiction and decide the motions now before it.

Overall, given the late stage of this litigation, the Court finds that it is appropriate and useful to exercise jurisdiction to decide the motions.

### III. ALLSTATE'S MOTION FOR SUMMARY JUDGMENT

Because one defendant has appeared, the Court should decide Allstate's motion for summary judgment before granting default judgment against the absent defendants. *See Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474 (6th Cir. 1988) ("The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. . . But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all." (quoting *Frow v. De La Vega*, 82 U.S. 552, 554 (1872))).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material only if it might affect the outcome of the case under the governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). On a motion for summary judgment, the court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

Because Allstate bears the burden of persuasion in its claim, to obtain summary judgment its showing "must be sufficient for the court to hold that no reasonable trier of fact could find other than for [him]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W.

10

Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984)); *see also Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) ("[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" (quoting 11 James William Moore et al., *Moore's Federal Practice* § 56.13[1], at 56–138 (3d ed. 2000))). In making this determination, the Court views the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the defendants. *Matsushita*, 475 U.S. at 587.

Although Eccleston, the only defendant who appeared, has not opposed the motion, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 381 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." (quoting *Carver v. Bunch*, 946 F.2d 451, 454–55 (6th Cir. 1991)). Nonetheless, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). "The court may rely on the moving party's unrebutted recitation of the evidence in reaching a

11

conclusion that facts are uncontroverted and that there is no genuine issue of material fact."

*Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (6th Cir. 2000).

>Allstate seeks the following declaration:
>
>A. That the exclusions and coverage provisions contained in the Allstate contract of automobile insurance do not provide coverage or require that Allstate indemnify Tracey and/or Denish Das for the liability asserted against either or both in a potential lawsuit for benefits under their policy of automobile insurance.
>
>B. That since Allstate owes no coverage for the liability asserted against either Tracey or Denish Das it is also relieved from providing a defense to either or both and, accordingly, may decline to provide legal representation for either or both Defendants.

(Compl. at 9.)

Allstate does not address whether the vehicle involved in the accident was a covered vehicle under the Policy. Instead, Allstate focuses solely on the "business-use exclusion," which exempts from coverage "damages an insured person is legally obligated to pay because of [b]odily injury or property damage arising out of the use of your insured auto while used to carry persons or property for a charge, or any auto you are driving while available for hire by the public." (Policy at Pg ID 290; *see* Mot. for Summ. J. at 16–21.) Assuming that Prisk was using the van to transport paying customers, as Allstate alleges, this exclusion applies and Allstate has no obligation to indemnify or defend Tracey and Denish Das in the Eccleston lawsuit. *See Auto-Owners Ins. Co. v. Churchman*, 489 N.W.2d 431, 434 (Mich. 1992) ("Clear and specific exclusions must be given effect. It is impossible to hold an insurance company liable for a risk it did not assume."); *Hayley v. Allstate Ins. Co.*, 686 N.W.2d 273, 275 (Mich. Ct. App. 2004) (same); *see also Allstate Ins. Co. v. Raines*, No. 12-cv-11191, 2013 WL 827699, at *6 (E.D. Mich. Mar. 6, 2013) (granting summary judgment to insurance company in action for declaration that no coverage was owed for liability incurred while delivering pizzas based on exclusion for a

covered automobile "used to carry persons or property for a charge"; collecting similar cases under Michigan law).

While Allstate has not identified any evidence to support its allegation that Prisk was transporting customers of Das Transportation at the time of the accident, Eccleston admitted this allegation in his Answer. (*See* Ans. ¶¶19–20.) Because the allegation is undisputed by Eccleston, summary judgment on the claim against him may be granted. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, including . . . admissions . . . ."); *see also* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: . . . (2) consider the fact undisputed for purposes of the motion; [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.").

Allstate is therefore entitled to summary judgment against Eccleston on its claim for a declaration that Allstate is not obligated to indemnify or defend Tracey and Denish Das against Eccleston's lawsuit based on the March 18, 2010 automobile accident.

## IV. ALLSTATE'S MOTION FOR DEFAULT JUDGMENT

The Court now turns to Allstate's motion for default judgment against Prisk and Tracey and Denish Das. Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk can enter a judgment for that amount. Fed. R. Civ. P. 55(b)(1). But "[i]n

all other cases, the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

In order to render a valid judgment, a court must have jurisdiction over the subject matter and the parties, and must act in a manner consistent with due process. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105 (6th Cir. 1995). As discussed, the Court has subject matter jurisdiction over Allstate's claims. But the Court must determine whether it has personal jurisdiction before entering a judgment by default against a party who has not appeared in the case. *See Citizens Bank v. Parnes*, 376 F. App'x 496, 501 (6th Cir. 2010) ("Personal jurisdiction over a defendant is a threshold issue that must be present to support any subsequent order of the district court, including entry of the default judgment." (citing *Kroger Co. v. Malease Foods Corp.*, 437 F.3d 506, 510 (6th Cir. 2006))).

Effective service of the summons establishes personal jurisdiction over a defendant who resides in the state where the district court is located. *See* Fed. R. Civ. P. 4(k)(1)(a). Federal Rule of Civil Procedure 4(e) provides that service on an individual may be made by "delivering a copy of the summons and of the complaint to the individual personally" or "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," among other methods. Fed. R. Civ. P. 4(e)(2). Alternatively, "[u]nless federal law provides otherwise, an individual . . . may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Michigan law, service on an individual may be made by "(1) delivering a summons and a copy of the complaint to the defendant personally; or (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery

14

restricted to the addressee." Mich. Ct. R. 2.105(A). The rule provides further that "[o]n a showing that service of process cannot be reasonably made as provided by this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Mich. Ct. R. 2.105(I)(1).

Denish Das was personally served in Royal Oak, Michigan, on August 6, 2013. (*See* Dkt. 4.) Tracey Das was served on August 6, 2013, by leaving the summons and Complaint with Denish Das at an address in Royal Oak identified as her usual place of abode. (*See* Dkt. 5.) According to the Complaint, Tracey and Denish Das both reside in Oakland County, Michigan. (Compl. ¶¶ 3–4.) The Court finds personal jurisdiction is sufficiently established as to Tracey and Denish Das, and the clerk's entry of default (*see* Dkt. 11, 12) has been appropriately entered.

After a process server made five unsuccessful attempts at two addresses to serve Prisk, Allstate filed a motion for alternate service. (*See* Dkt. 14.) Judge Nancy G. Edmunds, who was previously assigned this case, granted the motion and ordered that Prisk could be served by first class mail and posting the summons and complaint at his last known address. (*See* Dkt. 16.) There are two returns of service on the docket for Prisk. One states that on January 11, 2014, a copy of the summons and complaint was posted on an address in Rochester, Michigan. (Dkt. 21.) The other states that on January 16, 2014, a copy of the summons and complaint was posted on an address in Waterford, Michigan. (Dkt. 22.) There is no express indication that the documents were also sent by first class mail, as required by Judge Edmunds' order. But Allstate's counsel subsequently filed, in support of Allstate's request for clerk's entry of default against Prisk, an affidavit stating that Prisk was served on January 11, 2014, at the address in Rochester, Michigan, by personal service. (Dkt. 37.) Inferring therefore that Allstate in fact complied fully

15

with Judge Edmunds' order to effect personal service by alternate means, the Court finds that personal jurisdiction is sufficiently established as to Prisk and the clerk's entry of default (*see* Dkt. 39) has been appropriately entered.

Having failed to respond to the Complaint despite notice and opportunity, and following the clerk's entry of default, Prisk and Tracey and Denish Das are deemed to have admitted all well-pleaded factual allegations of the complaint. *See* Fed. R. Civ. P. 8(b)(6); *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

Therefore, the Court finds that based on the business-use exclusion in the automobile insurance policy issued by Allstate to Denish and Tracey Das, Allstate is entitled to a judgment that it does not have any obligation to indemnify or defend Tracey and Denish Das in Eccleston's lawsuit.

## V. CONCLUSION

The Court finds that it has and will exercise jurisdiction over the parties and claims in this case, that default judgment is appropriate against Defendants Prisk and Tracey and Denish Das, and that summary judgment is warranted as to Defendant Eccleston. Allstate's Motion for Summary Judgment (Dkt. 36) and Motion for Default (Dkt. 38) are therefore GRANTED. A separate judgment will be entered.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: January 16, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 16, 2015.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson